United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:  ALEXIS MAGER LAKUSTA,

    Debtor.
_____/

ALEXIS MAGER LAKUSTA.,

    Plaintiff/Appellant,

  v.

MARK EVANS, et al.,

    Defendants/Appellees.
_____/

No. C 06-6105 PJH/
Adv. Case No. 03-3549 TC

**ORDER RE: BANKRUPTCY APPEAL**

Chapter 7 pro per debtor Alexis Mager Lakusta ("Lakusta") appeals the bankruptcy court's September 8, 2006 order in adversary case no. 03-3549 TC (Chapter 7 case no. 02-31521 STC) declaring him a vexatious litigant. For the reasons that follow, this court AFFIRMS the bankruptcy court's order.

**BACKGROUND**

In 2002, Lakusta and defendant/appellee Mark Evans ("Evans") entered into a general partnership to develop real property owned by Lakusta in Woodside, California. In the course of the partnership, Lakusta conveyed the real property by grant deed to Evans. This conveyance ultimately resulted in several years of litigation in the bankruptcy court and in state court, as detailed by the bankruptcy court's September 8, 2006 memorandum in support of its order declaring Lakusta a vexatious litigant.

On July 5, 2006, Evans moved in the bankruptcy court for an order declaring Lakusta a vexatious litigant and enjoining him from filing future proceedings. On August

11, 2006, the bankruptcy court held a hearing on Evans' motion, at which Lakusta appeared pro per and Evans appeared through his counsel.  Following the hearing, on September 8, 2006, the bankruptcy court issued a memorandum and order that declared Lakusta a vexatious litigant and enjoined him from certain future filings.  That order provided in pertinent part:

> Lakusta is permanently enjoined from filing: (a) in any state or federal court; (b) against Mark Evans, Sharon La Fountain, Alvin D. Silbernagel, Old La Honda Properties, or their attorneys, affiliates, employees, insurers, agents or any other person or entity; (c) any claims, defenses, demands, rights, or causes of actions, whether direct or indirect, absolute or contingent arising out of or otherwise concerning the '2002 Transactions,' the 'Settlement Agreement,' the 'Settlement Order,' or the 'Judgment,' as those terms are defined in the accompanying Memorandum.

The order, however, provided that Lakusta "may obtain relief from this permanent injunction by applying for relief from the above-signed" and "attach[ing] to any such request for relief a copy of this order and a copy of the document(s) Lakusta seeks leave to file."

Lakusta timely appealed the order to this court.  However, due to problems obtaining the record from the bankruptcy court, a briefing schedule was not set until April 16, 2007.  After one continuance, Lakusta filed his "opening brief" on May 30, 2007.[1]  His opening brief, however, consisted of "an opening brief poem" entitled "The Man and His Cat."  Lakusta advised the court that he "believe[d] a reading of his poem and the two accompanying documents [would] quickly give the Court a real insight into the true nature of [the] 'vexatious litigant' accusation," and indeed it has.  Subsequently, on June 11, 2007, Lakusta then filed "a statement of non-appealability," in which he requested this court dismiss the instant appeal without prejudice so that he could raise the issue in this appeal in conjunction with another appeal he had pending before another judge on this court.  The

---

[1] On May 7, 2007, Lakusta filed a request seeking an extension of time to file his opening brief and permission to expand the record on appeal.  On May 16, 2007, the court granted Lakusta's request for an extension, but denied his request to expand the record.  Because it appeared that Lakusta's request regarding the record was really an attempt to expand the issues on appeal, the court also advised Lakusta that even though he claimed the issues in his Chapter 7 bankruptcy case were "complex," that the issue on appeal was simple and concerned only the vexatious litigant order.

2

court will rule on that request below prior to addressing the merits of Lakusta's appeal.

In a June 21, 2007 letter brief, counsel for appellees advised the court that given the nature of Lakusta's opening brief, appellees would not be filing a response unless directed by the court. Appellees noted that the opening "poem" further demonstrated Lakusta's "complete lack of respect for this Court's time and resources, as well as the serious nature of the Court's business." Lakusta failed to file a reply.

**DISCUSSION**

**A.    June 11, 2007 Dismissal Request**

Lakusta implies in his request to dismiss this appeal without prejudice, subject to him raising the issue before another judge, that the appeal is premature because a vexatious litigant order is not a final, appealable order. In support, Lakusta mistakenly asserts that the bankruptcy court declared him a vexatious litigant pursuant to a state statute, an order he contends is interlocutory under California law.

Pursuant to 28 U.S.C. § 158(a), this court has jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

. . . .

(3) with leave of the court, from other interlocutory orders and decrees;

of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title . . . .

The Ninth Circuit has adopted a "pragmatic approach" to finality in bankruptcy cases because "certain proceedings in a bankruptcy case are so distinctive and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions [as to these proceedings] should be appealable as of right." *In re Bonham*, 229 F.3d 750, 761 (9th Cir. 2000) (quoting *Allen v. Old Nat'l Bank (In re Allen)*, 896 F.2d 416, 418 (9th Cir. 1990)). Under this pragmatic approach, a bankruptcy court order is considered to be final and appealable "where it (1) resolves and seriously affects substantive rights; and (2) finally determines the discrete issue to which it is addressed." *Id.* Bankruptcy court orders granting permanent injunctive relief are generally considered final orders. *See In re Mason*,

709 F.2d 1313, 1316 (9th Cir. 1983).

As discussed in more detail below, the bankruptcy court did not declare Lakusta a vexatious litigant under state law. Instead, it issued a final, permanent injunction under *federal* law, which declared Lakusta a vexatious litigant and enjoined him from filing certain future actions in both state and federal court. Because it finally determined that Lakusta should be enjoined from filing actions relating to the substance of the adversary proceeding in other state and federal courts, and seriously affected his substantive right to do so, the September 8, 2006 is a final, appealable order pursuant to § 158(a) and Ninth Circuit authority. Accordingly, the court DENIES Lakusta's motion to dismiss his appeal on this basis.

**B.   Appeal**

At the outset, the court notes that in addition to demonstrating a lack of respect for this court and judicial resources in general, Lakusta's opening "brief" fails in its entirety to comply with the local rules' requirements for papers filed with this court. *See* Civil L.R. 3-4, Papers Presented for Filing. Although this order finally disposes of the instant appeal, Lakusta is forewarned that any future filings with this court that fail to comply with the local rules will be stricken.

As noted in this court's May 16, 2007 order, the only issue on appeal is whether the bankruptcy court abused its discretion when it issued its September 8, 2006 order declaring Lakusta a vexatious litigant and enjoining certain future filings. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (standard of review is abuse of discretion).

Bankruptcy courts have the power to regulate vexatious litigation pursuant to 11 U.S.C. § 105(a) and 28 U.S.C. § 1651(a). Bankruptcy Code § 105(a) permits the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." Similarly, the All Writs Act, 28 U.S.C. § 1651(a), permits "all courts established by Act of Congress" to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

4

principles of law." *See In re International Power Securities Corp.*, 170 F.2d 399, 402 (3d Cir. 1948) (bankruptcy courts have authority to enter relief under All Writs Act).

Prior to enjoining a vexatious litigant from submitting future filings, a court must: (1) provide the litigant notice and a chance to be heard before the court enters the order; (2) establish an adequate record for review listing cases or abusive activities undertaken by the litigant; (3) make a substantive finding that the claims brought were frivolous or were brought with the intent to harass the parties; and (4) narrowly tailor the order to deter the specific behavior the litigant has engaged in. *DeLong*, 912 F.2d at 1147-48.

The bankruptcy court's order in this case satisfies all of the above requirements for vexatious litigant orders. *See id.* First, Lakusta was afforded more than a month's notice prior to the hearing on defendants' motion, and was given an opportunity to be heard on the motion at the August 11, 2006 hearing. Second, the bankruptcy court extensively detailed Lakusta's abusive cases and related proceedings at pages two through six of its memorandum in support of the order. Third, the court found that Lakusta brought the abusive actions without a proper legal basis for doing so and in a manner that imposed needless expense on defendants. Specifically, the court noted that Lakusta improperly filed actions in state court that concerned matters already adjudicated by the bankruptcy court, or that were pending before the bankruptcy court, without the Chapter 7 trustee's permission. Additionally, the court found that "absent an injunction, Lakusta is likely to continue trying to relitigate his alleged entitlement to one or more of the La Honda properties," and that "[t]here does not appear to be any other sanction that would be adequate to protect Evans [and the other defendants] regarding the 2002 Transactions."

Finally, the bankruptcy court's order was sufficiently limited in scope to deter only the specific behavior at issue. The court narrowed the scope of the injunction such that it concerned only the parties affected by Lakusta's prior abusive filings, and such that it was limited to the subject matter at issue. It defined the terms "2002 Transactions," "Settlement Agreement," and "Settlement Order" in the memorandum and limited the scope of the

5

injunction to matters concerning those terms. Additionally, the court also provided Lakusta with sufficient means for obtaining relief from the pre-filing order.

This court has reviewed the record, and concludes that all of the above findings of the bankruptcy court were supported by the evidence before it. Accordingly, this court concludes that the bankruptcy court did not abuse its discretion in entering the September 8, 2006 order.

For these reasons, the decision of the bankruptcy court is AFFIRMED. This order fully adjudicates the appeal and terminates all other pending motions. The clerk shall close the file.

Dated: August 3, 2007

**IT IS SO ORDERED.**

_____
PHYLLIS J. HAMILTON
United States District Judge